UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

FILED
SEP 2 2 2008

| | | |
|---|---|---|
| JOHN BRATEK | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case no. 08-1243 |
| | ) | |
| BNSF RAILWAY COMPANY, | ) | |
| a Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | JURY DEMAND |

## COMPLAINT

COMES NOW, Plaintiff, John Bratek, and for his claims and causes of action against the Defendant, BNSF RAILWAY COMPANY, a Delaware corporation, states and alleges as follows:

### PARTIES AND JURISDICTION

1. This court has jurisdiction of this case pursuant to 45 USC § 51, et seq. (Federal Employment Liability Act) 49 USC §20701 (Locomotive Inspection Act) and 28 USC §1331.

2. That this action properly lies in this district pursuant to 28 USC §1391(b)(2) because the claim arose in this judicial district. That this is a civil action seeking damages from the defendant for violations of statutes under the laws of the United States.

3. That the plaintiff, John Bratek, is currently a resident of the state of Iowa, the City of Ft. Madison, County of Lee, and is also a citizen of the United States.

4. At all times herein material, Defendant BNSF RAILWAY COMPANY, (hereinafter "Defendant BNSF") was and is a corporation duly organized and existing under the laws of the State of Delaware, was engaged as a common carrier for hire in interstate commerce, and was operating an interstate system of railroads in and through several states, including the State of

Illinois; and that said system included lines of track in the District where this action is filed.

5. Plaintiff brings this action under the Federal Employers' Liability Act, Title 45, United States Code, § 51, et seq., and that this action is timely commenced within the meaning of 45 U.S.C. § 56.

## COUNT I
## NEGLIGENCE

6. Plaintiff re-alleges paragraphs 1 through 5 of his Complaint as though set forth at length and in detail herein.

7. At all times material herein, Plaintiff was in the employ of Defendant BNSF working as a locomotive engineer, and that at the time of the occurrence of the events described herein, all or part of Plaintiff's duties were in the furtherance of Defendant BNSF's business of interstate commerce.

8. On or about December 27, 2006, Plaintiff was working in the course and scope of his employment as a locomotive engineer for the Defendant, and was operating a locomotive between Chicago, IL and Ft. Madison, IA, when suddenly and without warning the locomotive hit a severe low part in the track, upon information and belief to be located at or near the town of Chillicothe, IL in Peoria County, state of Illinois, at m.p. 125.9 on main line two, causing plaintiff to be lifted out of and slammed back into his seat; causing plaintiff to sustaining in whole or in part severe, permanent and disabling physical injuries to his body, including his neck and spine and the muscles, tissues, nerves, and internal parts thereof.

9. The injuries sustained by Plaintiff and the resulting damages came as a result, in whole or in part, of the negligence of Defendant BNSF, its officers, employees and agents, all in violation of the FELA, 45 U.S.C. § 51 et seq.:

a.     In failing to provide Plaintiff with a reasonably safe place in which to work as required by law;

b.     In failing to provide Plaintiff with reasonably safe and proper equipment with which to perform said work;

c.     In failing and neglecting to inspect, maintain and repair its tools and equipment;

d.     In failing and neglecting to inspect, maintain and repair its track and roadbed;

e.     In negligently creating and permitting a dangerous and hazardous condition to exist on equipment and on track where its employees were required to work;

f.     In negligently assigning Plaintiff to work in an unsafe and dangerous place with dangerous and defective equipment;

g.     In failing to properly warn Plaintiff of the dangers that confronted him;

h.     In failing to provide proper supervision and training for the work assigned to Plaintiff and its other employees; and

i.     Other acts of negligence.

10. As a direct result, in whole or in part, of the foregoing negligence of Defendant BNSF in violation of the FELA, Plaintiff sustained severe, permanent and disabling injuries to his neck and spine and the bones, muscles, tissues, and internal parts thereof, and has suffered in the past and will continue in the future to suffer pain and anguish and loss of enjoyment of life, has incurred expenses for medical attention and hospitalization, and will incur further like expenses in the future, has suffered loss of earnings and loss of future earning capacity and loss of fringe benefits, and has suffered permanent injury and disability, all in amounts to be proven by the evidence at the trial of this matter.

## COUNT II
## LOCOMOTIVE INSPECTION ACT

11. Plaintiff re-alleges paragraphs 1 through 10 of his Complaint as though set forth at length and in detail herein.

12. The condition of the locomotive Defendant provided Plaintiff to use on December 27, 2006, Locomotive No. BNSF 4685, was in violation of the Locomotive Inspection Act (LIA), 49 U.S.C. § 20701, as the unit and its parts and appurtenances were not in proper condition and safe to operate without unnecessary danger of personal injury; in particular, the locomotive's suspension was not in proper condition.

13. Defendant's violation of the Locomotive Inspection Act was a cause, in whole or in part, of Plaintiff's injuries as described in paragraphs 8 and 10 set out above.

14. As a direct result, in whole or in part, of the foregoing negligence of Defendant BNSF in violation of the LIA, Plaintiff sustained severe, permanent and disabling injuries to his neck and spine and the bones, muscles, tissues, and internal parts thereof, and has suffered in the past and will continue in the future to suffer pain and anguish and loss of enjoyment of life, has incurred expenses for medical attention and hospitalization, and will incur further like expenses in the future, has suffered loss of earnings and loss of future earning capacity and loss of fringe benefits, and has suffered permanent injury and disability, all in amounts to be proven by the evidence at the trial of this matter.

## COUNT III
## STRICT LIABILITY

15. Plaintiff re-alleges paragraphs 1 through 14 of his Complaint as though set forth at length and in detail herein.

16. The condition of the track and roadbed Defendant provided Plaintiff to use on December 27, 2006, was in violation of Federal Safety Standards, including but not limited to, 49 U.S.C. § 213.33, 213.103, 213.53, and 213.359. Violation of one or more of these statutes caused the unsafe and improper condition in the track and was a cause, in whole or in part, of Plaintiff's injuries as described in paragraphs 8, 10 and 14, as set out above.

17. Defendant's violation of Federal Safety Standards, including but not limited to, 49 U.S.C. § 213.33, 213.103, 213.53, and 213.359 were a cause, in whole or in part, of Plaintiff's injuries as described in paragraphs 8,10 and 14, set out above and, as such, Defendant is strictly liable for Plaintiff's injuries and damages due to it's violation of the aforementioned regulation.

18. As a direct result, in whole or in part, of the foregoing negligence of Defendant BNSF in violation of Federal Safety Standards, including but not limited to, 49 U.S.C. § 213.33, 213.103, 213.53, and 213.359, Plaintiff sustained severe, permanent and disabling injuries to his neck and spine and the bones, muscles, tissues, and internal parts thereof, and has suffered in the past and will continue in the future to suffer pain and anguish and loss of enjoyment of life, has incurred expenses for medical attention and hospitalization, and will incur further like expenses in the future, has suffered loss of earnings and loss of future earning capacity and loss of fringe benefits, and has suffered permanent injury and disability, all in amounts to be proven by the evidence at the trial of this matter.

WHEREFORE, Plaintiff John Bratek prays for judgment against the above named Defendant, BNSF RAILWAY COMPANY, for recovery of reasonable damages in an amount sufficient to fully compensate Plaintiff for the damages and losses suffered, together with all costs, disbursements and whatever other relief the Court deems appropriate.

By: _____
NILE J. WILLIAMSON, Their Attorney

NILE J. WILLIAMSON
ATTORNEY AT LAW
411 HAMILTON BLVD., STE 1926
PEORIA, IL 61602
TEL: (309) 677-5950
FAX: (309) 677-5952

William Jungbauer
Karl Frisinger
Yaeger, Jungbauer & Barczak
745 KASOTA AVE.
MINNEAPLOIS, MN 55414
TEL: (612) 333-6371
FAX: (612) 333-3619