UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| John Bratek, | ) | |
|        Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 08-1243 |
| | ) | |
| BNSF Railway Company, | ) | |
|        Defendant | ) | |

**ORDER**

Defendant was given leave to file one of its motions in limine with exhibits under seal, but the order stated that the Court would later consider whether they should remain sealed. (See Text Order of 4/26/11). The motion and exhibits have now been filed under seal (Doc. #80), and Plaintiff has responded to the motion; that response was also filed under seal. Before ruling on the substance of the motion, the matter of sealing must be resolved.

In its motion for leave to file the motion and exhibits under seal (Doc. #70), Defendant stated that various emails generated in 2001 and 2002 involved members of its Claims Department, one of whom is an attorney. BNSF stated that it "intends to assert the attorney-client privilege[1] over the email correspondences."

The first question is whether Defendant has met its burden of establishing that attorney client privilege attaches to these documents. I find that the Defendant has not met that burden. In the sealed motion in limine, Defendant argues that the emails are not relevant, have little probative value and substantial prejudicial effect, and are hearsay. Not one word about privilege is presented. It is not

---

[1] Defendant has wisely not asserted that these emails constitute work product. See, In Logan v. Commercial Union Ins. Co., 96 F.3d 971 (7th Cir. 1996)

clear to the Court just when Defendant intends to raise this matter, but waiting until the midst of trial is unacceptable.

Not all communications between a lawyer and client are privileged; only communication made in confidence to an attorney for the purpose of obtaining legal advice is protected. United States v. Weger, 709 F.2d 1151, 1154 (7th Cir. 1983). This privilege is to be "strictly confined within the narrowest possible limits consistent with the logic of its principle." Id., quoting In re Horowitz, 482 F.2d 72, 81 (2d Cir. 1973), cert. denied, 414 us 867 (1973). It is designed to protect only such information a client may communicate to his attorney so that the attorney may properly, competently and ethically carry out representation of the client. Weger, 709 F.2d at 1154, relying on Fisher v. United States, 425 U.S. 391 (1976).

An attorney, employed by an insurance company as part of the claims department, is rendering business advice, not legal advice, when he participates in the claims process. There has been no showing to the contrary. Accordingly, I find that these documents are not subject to the attorney client privilege.

Moreover, Defendant acknowledges that these emails have been disclosed previously in other litigation. Neither the pending motion in limine nor the motion for leave to seal explains why that does not waive any privilege that might otherwise attach.

Because it appears that the documents are either unprivileged or that any privilege has been waived, or both, the motion and the exhibits should be unsealed. In an abundance of caution, however, I will allow the Defendant until 5:00 p.m. CDT on May 19, 2011, to file a supplement to this motion, presenting legal and factual support for the proposition that these particular emails are privileged because an attorney/employee either wrote or received the emails. If no supplement is filed, the motion and exhibits will be unsealed on May 20. If a supplement is filed, Plaintiff may file

a response before 5:00 p.m. CDT on May 27, 2011. No extensions of either of these deadlines will be allowed. Ruling on the motion in limine is deferred pending resolution of this matter.

ENTERED ON May 11, 2011

                                        s/ John A. Gorman

                             JOHN A. GORMAN
                 UNITED STATES MAGISTRATE JUDGE